# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN, <br><br> Plaintiff, <br><br> v. <br><br> LISA GULARTE, *et al.*, <br><br> Defendants. | Case No. 18-cv-00980-BAS-MDD <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> **[ECF No. 8]** |

Presently before the Court is Plaintiff Kory T. O'Brien's motion to appoint counsel on his behalf. (ECF No. 8.) Plaintiff states that he has made various efforts to obtain counsel, but has been unsuccessful. (*Id.* at 2–3.) Plaintiff indicates that he cannot afford counsel in this case and that his imprisonment "greatly limits his ability to litigate." (*Id.* 2.) He further contends that counsel is necessary because the issues in this case "are complex" and he will have a "difficult time representing himself and obtaining necessary evidence . . . without legal knowledge or experience." (*Id.*) For the reasons below, the Court denies Plaintiff's request at this time.

## I. DISCUSSION

### A. Legal Standard

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation.

*Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even where the plaintiff is proceeding *pro se* or *in forma pauperis*, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). However, "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). In the Ninth Circuit, "the decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted). A finding that exceptional circumstances exist entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

**B.     Analysis**

    **1.     Likelihood of Success on the Merits**

Plaintiff's motion for appointment of counsel does not expressly address likelihood of success and he does not otherwise present evidence of a likelihood of success on the merits. A plaintiff who provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *see also, Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). Although Plaintiff notes that the Complaint has survived the Court's mandatory screening of his IFP complaint[1], the case remains in the early stages. The

---

[1] To the extent Plaintiff is asserting that he should be appointed counsel because he cannot afford counsel, his indigency is not a sufficient basis to do so. Under Ninth Circuit precedent, the inability to afford counsel by itself is not a sufficient basis for

Defendants have not been served yet and, in the event they are served, will have the opportunity to move to dismiss Plaintiff's Complaint. In addition, although Plaintiff contends that a lawyer will be needed to cross-examine witnesses in the future, this does not itself show a likelihood of success on the merits. Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

### 2. Plaintiff's Ability to Articulate His Claims

Plaintiff suggests that a lawyer should be appointed because this is a "complex" case. When a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court has reviewed Plaintiff's Complaint and other pleadings and finds that the issues he raises are not complex. The Court understands Plaintiff's claims and the relief sought.

Plaintiff also argues counsel is needed to engage in discovery. (ECF No. 8 at 2.) Assistance with discovery does not necessarily amount to exceptional circumstances. *Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that *pro se* prisoner "may well have fared better—particularly

---

a court order requesting counsel for a *pro se* plaintiff. *See Agyeman*, 390 F.3d at 1103. This is true even when a plaintiff is proceeding *in forma pauperis* and thus, by definition, has shown an inability to afford the cost to initiate proceedings in federal court. *See United States v. Madden*, 352 F.2d 792, 793–94 (9th Cir. 1965).

in the realm of discovery and the securing of expert testimony," because that is not the applicable test). Plaintiff has not demonstrated that the circumstances of discovery in this case rise to the level of exceptional circumstances warranting appointment of counsel. The second *Wilborn* factor is not satisfied.

## II. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for appointment of counsel. (ECF No. 8.).

**IT IS SO ORDERED.**

DATED: August 6, 2018

Hon. Cynthia Bashant
United States District Judge