UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>                          Plaintiff,<br><br>v.<br><br>LISA GULARTE, et al.,<br><br>                        Defendants. | Case No.: 18cv00980-BAS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 44]** |

This Report and Recommendation is submitted to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendants' Partial Motion to Dismiss be **GRANTED.**

### I.    PROCEDURAL HISTORY

On May 6, 2018, Kory T. O'Brien ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1, 5). Plaintiff filed the operative complaint on February 14, 2019. (ECF No. 40). Plaintiff alleges that five individuals working at R.J. Donovan Correctional Facility ("RJD") violated his civil rights by: (1) retaliating against him in violation of the First Amendment; (2) failing to protect him in violation of the Eighth Amendment; (3) violating the Equal Protection Clause of the Fourteenth Amendment; and

1

(4) violating various California state laws and constitutional provisions. (ECF No. 40 at 3-17). Plaintiff requests several hundred thousand dollars per defendant for each claim in punitive and other damages.

On February 21, 2019, Defendants Gularte, Flores, Ekwosi, and Bierbaum, the only Defendants served in this action, moved to dismiss: (1) the First and Eighth Amendment claims as to Defendant Gularte; and (2) the Fourteenth Amendment Equal Protection claim as to all Defendants. (ECF No. 44). On March 25, 2019, Plaintiff filed his Opposition. (ECF No. 46). On April 2, 2019, Defendants filed a reply. (ECF No. 47).

## II. BACKGROUND FACTS

These facts are taken from Plaintiff's Second Amended Complaint and are limited to the claims relating to the movants. (ECF No. 40). They are not to be construed as findings of fact by the Court.

Plaintiff was assigned to work in the sewing department in the shoe factory at RJD. All Defendants are employed by the California Prison Industry Authority ("CALPIA"). On April 11, 2017, Plaintiff alleges Defendant Ekwosi, a CALPIA supervisor in the trimming department, "used profanity at Plaintiff." (ECF No. 40 at 3). Plaintiff alleges he immediately notified Defendant Flores, a CALPIA plant supervisor, about the alleged conduct so that an investigation could take place. (*Id.*). Three weeks later, Defendant Flores told Plaintiff that Ekwosi "den[ied] inappropriate behavior." (*Id.*).

On May 4, 2017, Plaintiff sent letters to CALPIA's main office and to Defendant Gularte, asking for Defendant Ekwosi's "apology and necessary training." (*Id.*). Defendant Gularte did not respond. Defendant Garcia did respond, stating that he spoke to Defendant Ekwosi who denied using profanity towards Plaintiff. (*Id.*).

2

At some point after Defendant sent his letters, inmate Thompson was hired to work in the trimming department. Plaintiff alleges he notified Defendants Bierbaum and Flores that "Plaintiff and Thompson had had a previous altercation." (*Id.*). Defendant Flores is a CALPIA plant supervisor and Defendant Bierbaum is a sewing department supervisor. Rather than remove Thompson, Plaintiff contends that "management found that they could administer a form of retaliation as a form of punishment for a complaint filed on a supervisor . . . [w]hile also being deliberately indifferent to the plaintiff's safety and health." (*Id.*).

Plaintiff alleges that there was a "hostile work environment" because the defendants allowed Thompson to enter the department where Plaintiff was working "repeatly [sic]." (*Id.* at 4). On July 10, 2017, he complained to Defendants Ekwosi and Flores that he was worried Thompson would attack him. Plaintiff alleges that on July 17, 2017, Thompson "verbally assaulted" Plaintiff, which no Defendant intervened to stop. (*Id.* at 8). When Plaintiff stood out of his chair and approached Thompson, Thompson "physically assaulted" Plaintiff, who then tried to restrain Thompson. (*Id.*).

On September 6, 2017, Plaintiff was interviewed by Defendant Gularte and Garcia about the altercation with Thompson. (*Id.* at 11). Plaintiff informed Gularte and Garcia that he was not fighting and feared physical harm from Thompson so he had "only retained [sic] [Thompson]." (*Id.* at 8). Defendants Gularte and Garcia refused to allow Plaintiff to keep his employment in the sewing department. (*Id.* at 11). Plaintiff alleges that Lt. Ortiz investigated the altercation and found Plaintiff not guilty of fighting. (*Id.*). Plaintiff claims that Defendants Gularte and Garcia previously allowed other inmates to keep their employment or were only given a one week suspension if they were not the aggressor in an altercation. (*Id.*). Plaintiff

3

also alleges that Defendants Bierbaum, Flores, and Ekwosi, failed to notify "custody and supervisors" of Plaintiff's concerns of the credible threat of violence with Thompson. (*Id.* at 11-12).

### III. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

4

## IV.    DISCUSSION

### A.    First and Eighth Amendment Claims as to Defendant Gularte

Defendants move to dismiss the First and Eighth Amendment claims against Defendant Gularte. In his opposition, Plaintiff states he does not oppose Defendant Gularte's dismissal and did not intend to bring First and Eighth Amendment claims against Defendant Gularte at this time. (ECF No. 46 at 7). Accordingly, the Court **RECOMMENDS** that the First and Eighth Amendment claims against Defendant Gularte be **DISMISSED** without prejudice.

### B.    Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quotation marks omitted). Traditionally, to state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class." *Barren v. Harrington*, 152 F.32 1193, 1194 (9th Cir. 1998).

In the alternative, an Equal Protection claim may proceed on a "class of one" theory. *Village of Willbowbrook v. Olech*, 528 U.S. 562, 564 (2000). A class of one claim is cognizable when a "plaintiff alleges that [he] has been intentionally treated different from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602 (2008). "A class of one plaintiff must show that the discriminatory treatment 'was intentionally directed just at him, as opposed to being an accident or a random act.'" *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (quoting *Jackson v. Burke*,

5

256 F.3d 93, 96 (2d Cir. 2001)).

1. **Summary of Arguments**

Defendants move to dismiss the Equal Protection claim because Plaintiff fails to allege "a policy was disparately applied, the definable group of inmates at issue, or discriminatory intent [by Defendants]." (ECF No. 44-1 at 8). Plaintiff contends his claim is valid because Defendants had no rational reason to terminate him from his employment when other inmates involved in similar altercations were permitted to continue working. (ECF No. 46 at 9). Plaintiff does not claim to be a member of any identifiable group or protected class that would support a traditional equal protection claim. Therefore, the only theory he may proceed on is a "class of one" claim.

2. **Analysis**

Plaintiff is challenging a discretionary employment termination decision. The Supreme Court has held that the Equal Protection Clause does not support a class of one claim arising in the public employment context. *Engquist*, 553 U.S. at 603, 606-07. The Court held that employment decisions involve "discretionary decisionmaking based on a vast array of individualized assessments" and "treating similarly situated individuals differently . . . is par for the course." *Id.* at 604.

Although *Engquist* was decided in the context of public employment, it supports a similar conclusion in the prison work context. It is well established that incarcerated persons do not have a constitutional right to their prison employment. *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). In addition, "many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Therefore, even if Plaintiff's prison job entitles him to the same equal protection rights as an at-will public employee, any "class of one"

6

wrongful termination claim fails as a matter of law. *See, e.g., Weathers v. Hagemeister–May*, No. 13-cv-01932, 2015 WL 1956433, at *5 (E.D. Cal. Apr. 29, 2015) (holding that a class of one claim is not an available remedy for an inmate who has received allegedly arbitrary treatment at his or her prison work assignment"), aff'd, 2016 WL 5817494 (9th Cir. Oct. 5, 2016).

Accordingly, the Court **RECOMMENDS** that the Fourteenth Amendment Equal Protection Claim be **DISMISSED**. Because Plaintiff has already been provided an opportunity to supplement and amend his claims to no avail, the Court concludes further leave to amend would be futile. Therefore, the Court **RECOMMENDS** the dismissal be granted **without leave to amend**. *See Noll*, 809 F.2d at 1448.

## V.  CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that the District Judge issue an order:

1) Approving and Adopting this Report and Recommendation;
2) **GRANTING** Defendants' Motion to Dismiss as to the First and Eighth Amendment claims against Defendant Garcia **without prejudice**;
3) **GRANTING** Defendants' Motion to Dismiss the Fourteenth Amendment claim as to all Defendants **without leave to amend**;

If the Court's recommendations are adopted, the following claims remain **PENDING**:

1) Plaintiff's Eighth Amendment failure to protect claim against Defendants Ekwosi, Bierbaum, and Flores; and
2) Plaintiff's First Amendment Retaliation claim against Defendants Ekwosi, Bierbaum, and Flores.
3) Plaintiff's California state law claims.

7

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **June 11, 2019**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **June 18, 2019**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: May 21, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge