# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>      Plaintiff,<br><br>v.<br><br>LISA GULARTE, *et al.*,<br><br>      Defendants. | Case No. 18-cv-00980-BAS-MDD<br><br>**ORDER:**<br><br>**(1) OVERRULING OBJECTION [ECF No. 49];**<br><br>**(2) APPROVING AND ADOPTING REPORT & RECOMMENDATION [ECF No. 48];**<br><br>**AND**<br><br>**(3) GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF No. 44]** |

  Plaintiff Kory T. O'Brien filed the operative Second Amended Complaint ("SAC") on February 14, 2019. (ECF No. 39.) In relevant part, O'Brien asserts First, Eighth, and Fourteenth Amendment equal protection claims against Defendants Garcia and Gularte and also asserts a Fourteenth Amendment equal protection claim against Defendants M. Bierbaum, L. Gularte, E. Flores, and A. Ekwosi. (*Id.*) Tucked into what the SAC labels a Fourteenth Amendment equal protection claim is also Plaintiff's claim that the alleged conduct by Defendants M. Bierbaum, E. Flores, and A. Ekwosi also violates the Fourteenth Amendment Due Process Clause under the state-created danger doctrine. (*Id.* at 12.)

Defendants move to dismiss any First and Eighth Amendment claims asserted against Gularte and Plaintiff's Fourteenth Amendment equal protection claim in its entirety. (ECF No. 44.) Judge Dembin has issued a Report and Recommendation ("R&R"), which recommends that the Court grant Defendants' partial motion to dismiss. (ECF No. 48.) Plaintiff has nominally filed an objection (the "Objection") to the R&R (ECF No. 49), to which Defendants have filed a reply, (ECF No. 50). For the reasons herein, the Court overrules Plaintiff's Objection, approves and adopts the R&R in its entirety, and grants Defendants' motion to dismiss.

## DISCUSSION

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

1 | Judge Dembin's R&R makes two recommendations. First, Judge Dembin
2 | recommends dismissal without prejudice of Plaintiff's First and Eighth Amendment
3 | claims against Gularte because Plaintiff states that he does not oppose her dismissal.
4 | (ECF No. 48 at 5.) Notwithstanding that Defendants' motion to dismiss and the
5 | R&R's analysis regarding the First and Eighth Amendment claims concern Gularte,
6 | the R&R's conclusion refers to Defendant Garcia. (*Id*. at 7.) Second, Judge Dembin
7 | recommends dismissal without leave to amend of Plaintiff's Fourteenth Amendment
8 | equal protection claim against all Defendants on the ground that Plaintiff fails to
9 | allege he is a member of a protected class and a "class of one" equal protection claim
10 | pertaining to Plaintiff's termination from his prison employment fails because
11 | Plaintiff has no constitutional right to prison employment as a prisoner. (*Id.* at 6
12 | (citing *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997)).

Plaintiff has filed an Objection. (ECF No. 49.) Plaintiff responds to the R&R's first recommendation by stating that he "understands Judge Hon. Mitchell D. Dembin's finding on defendants L. Gularte and R. Garcia." (ECF No. 49 at 3.) The Court reads this to mean that Plaintiff once more concedes dismissal of Gularte and, furthermore, Plaintiff concedes dismissal of his First and Eighth Amendment claims against Garcia. Indeed, the only connection Garcia has with Plaintiff in this case stems from the allegations pertaining to Gularte. Accordingly, the Court adopts the R&R's recommendation to dismiss Gularte and further dismisses any claims against R. Garcia without prejudice.

In his Objection, Plaintiff does "object to R&R to dismiss defendant Ekwosi, Bierbaum, and Flores from the Fourteenth Amendment." (ECF No. 49 at 3.) Plaintiff contends that the R&R does not address Plaintiff's Fourteenth Amendment due process claim against these Defendants. (*Id*.) Plaintiff argues that the alleged conduct of these Defendants—conduct that overlaps with Plaintiff's Eighth

Amendment deliberate indifference claim against these Defendants—also violates that Fourteenth Amendment Due Process Clause under the state-created danger doctrine. (*Id*. at 3–5.) This Objection does not address the R&R's actual analysis of Plaintiff's Fourteenth Amendment equal protection claim. Thus, Plaintiff's Objection is insufficient to trigger de novo review and requires only a clear error review. *See Turner v. Tilton*, No. 07-CV-2036-JLB-AJB, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) ("[H]is objections do not address the substance of the R & R's findings. . . . Therefore, the Court need only satisfy itself that the R & R is not clearly erroneous."). Here, the Court does not find Judge Dembin's analysis of and recommendation to dismiss Plaintiff's Fourteenth equal protection claim to be clearly erroneous.

With that said, Defendants' contention in their reply to Plaintiff's Objection that the SAC does not allege a Fourteenth Amendment Due Process Clause claim against Defendants M. Bierbaum, E. Flores, and A. Ekwosi is simply not accurate. (ECF No. 50 at 1 n.1.) The SAC alleges such a claim on the grounds Plaintiff raises in his Objection. (*Compare* ECF No. 40 at 12 *with* ECF No. 49 at 4–6.) A danger created by the affirmative acts of a state actor may constitute a violation of substantive due process under the Fourteenth Amendment. *See Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016). The SAC expressly refers to a "state-created danger" by which Defendants M. Bierbaum, E. Flores, and A. Ekwosi "encouraged an inmate that had" a "past aggressive behavior towards plaintiff" to harm Plaintiff. (SAC at 12.) To the extent Defendants' reply contention is premised on the fact that Plaintiff has alleged the claim under the section of the SAC titled "U.S. Constitutional Amendment XIV Equal Treatment," Defendants are wrong. The focus of the Federal Rules is on whether Plaintiff has provided factual allegations which give Defendants fair notice of Plaintiff's claim, not on whether Plaintiff has correctly labeled the claim. *See Yeiser Res. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1037

(S.D. Cal. 2017). Despite Plaintiff's labeling error, Plaintiff plainly seeks to allege a Fourteenth Amendment Due Process Clause claim against Defendants M. Bierbaum, E. Flores, and A. Ekwosi on the basis of a state-created danger. Defendants have not moved to dismiss this claim. (*See* ECF No. 44.) Consequently, the claim remains in this case.

## CONCLUSION & ORDER

For the foregoing reasons, the Court (1) **OVERRULES** Plaintiff's Objection, (ECF No. 49), (2) **APPROVES AND ADOPTS** the R&R (ECF No. 48), and (3) **GRANTS** Defendants' motion to dismiss, (ECF No. 44). Defendants Gularte and Garcia are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's following claims against Defendants Ekwosi, Bierbaum, and Flores remain: (1) Eighth Amendment failure to protect claim; (2) First Amendment retaliation claim; (3) Fourteenth Amendment Due Process Clause state-created danger claim; and (4) California state law claims.

**IT IS SO ORDERED.**

**DATED:  June 20, 2019**

Hon. Cynthia Bashant
United States District Judge