UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>         Plaintiff,<br><br>v.<br><br>LISA GULARTE, et al.,<br><br>         Defendants. | Case No.: 18-cv-00980-BAS-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES** |

## **INTRODUCTION**

Plaintiff Kory T. O'Brien ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Motion to Compel ("Motion") discovery responses. (ECF No. 58). The dispute pertains to Plaintiff's propounded interrogatory requests to Defendants Anthony Ekwosi[1], Ed Flores, and Mike Bierbaum (collectively, "Defendants"). Plaintiff met and conferred with Defendants counsel on November 28, 2019 in an attempt "to resolve issue[s] of discovery." (ECF No. 58-2 at 24). Following the meet and confer, the parties were unable to resolve five pending issues: Plaintiff's interrogatories

---

[1] Plaintiff and Defendants adopt this spelling, instead of "Ewoski" as expressed on the Docket.

1

numbered 2, 3, 4, 5 and 9. (ECF No. 58-2).

For the reasons stated herein, the Court **DENIES** Plaintiff's Motion to Compel. (ECF No. 58).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). District courts have broad discretion to limit discovery to prevent its abuse. *See* FED. R. CIV. P. 26(b)(2). Courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action," where the proposed discovery is "unreasonably cumulative or duplicative," or where the information is "obtain[able] from some other source that is more convenient, less burdensome, or less expensive." *Id.*

## **DISCUSSION**

At issue are Plaintiff's Interrogatories numbers 2, 3, 4, 5 and 9. Defendants oppose Plaintiff's Motion asserting its untimeliness because it was brought "more than one hundred days after Defendants served responses, and seventy days after the motion to compel cut-off date." (ECF No. 60 at 1). In their Statement of Discovery Dispute, Defendants supplemented their responses and object substantively to the Interrogatories at issue. (ECF No. 60-1). In addition, Plaintiff further requests reasonable expenses in bringing this Motion to Compel. (ECF No. 58).

The Court agrees that Plaintiff's Motion is untimely. Plaintiff has offered no justification for the delay. The Court could deny Plaintiff's Motion solely due to its untimeliness. However, taking into consideration Plaintiff's *pro se* and incarcerated status, the pending issues will be addressed on their merits.

### A. Interrogatories

Federal Rule of Civil Procedure Rule 33 governs interrogatories to parties. See Fed. R. Civ. P. 33. An interrogatory may relate to any matter that may be inquired of under Rule 26(b). FED. R. CIV. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objections with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." FED. R. CIV. P. 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. FED. R. CIV. P. 33(d).

Courts "will generally find [interrogatories] overly broad and unduly burdensome on their face to the extent they ask for *every fact* which supports identified allegations." *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998). Although interrogatories "need not be phrased with technical precision, they should give a reasonably clear indication of the information sought by the propounding party." *Heritage Furniture, Inc. v. American Heritage, Inc.,* 28 F.R.D. 319, 320 (D. Conn. 1961). Moreover, interrogatories will be quashed, absolving defendants from answering them, where they are extremely argumentative. *Rhodes v. Houston*, 258 F. Supp. 546, 584 (D. Neb. 1966).

### a. Interrogatories Nos. 2, 3, 4, and 5

The issues regarding the responses to Interrogatories Nos. 2, 3, 4, and 5 are similar and will be treated together.

Interrogatory No. 2, directed to Defendant Bierbaum, requires him to identify whether he reports to L. Gularte about matters in his employ. After disputing the question, Defendant Bierbaum supplemented his answer to "Yes." This answer is an appropriate response.

Interrogatory No. 3, directed to Defendant Ekwosi, asks why he allowed inmate Thompson to work in Plaintiff's assigned area knowing Plaintiff voiced concerns about violence from inmate Thompson. Defendant Ekwosi objected that the request is vague as to the date in question and responded that he did not believe inmate Thompson was assigned to work in the sewing department on July 17, 2017. Defendant's response specifically discussed the date in question, as alleged in Plaintiff's complaint. (ECF No. 1 at 3). Because Defendant Ekwosi asserted that he did not believe inmate Thompson was assigned to that area, on the date in question, his response is satisfactory.

Interrogatory No. 4, directed to Defendant Bierbaum, requires him to identify whether he allowed inmate Thompson to work in his department after Plaintiff voiced concerns for his safety. Defendant Bierbaum first responded that Plaintiff did not voice any concerns to him. His initial response was deficient. In his amended responses, Defendant Bierbaum clarified that he was not aware of Plaintiff's concerns. This response is satisfactory because Defendant Bierbaum was not made aware of Plaintiff's concerns and would not be able to answer whether he allowed inmate Thompson in the sewing department after being informed of such concerns.

Interrogatory No. 5, directed to Defendant Flores, requires him to identify why he, along with his co-worker, Defendant Ekwosi, allowed inmate Thompson to stay in the sewing department. Defendant Flores asserted that he does not have authority over job assignments and further detailed the process of inmate assignment. As Defendant Flores does not have authority to assign inmates to specific areas, he is unable to express why inmate Thompson was assigned to the sewing department. Therefore, his answer is sufficient.

Accordingly, Defendant's supplemental responses, in their Statement of Discovery Dispute, are adequate and satisfactory answers to Plaintiff's interrogatories. No further responses are required from Defendants as to interrogatories Nos. 2, 3, 4, and 5.

Plaintiff's Motion to Compel Further Response to Interrogatories Nos. 2, 3, 4, and 5 is therefore **DENIED**.

### b. Interrogatory No. 9

Interrogatory No. 9, directed to Defendant Ekwosi, asks:

> "Defendant A. Ekwosi, as a state official employee of CALPIA, is there any policy that you, A. Ekwosi, were allowed to sin[] that your comprehension of the English language would not allow the understanding of the English Language word of "comfort" as defined in the Oxford New Desk Dictionary and Thesaurus Third Edition copy right 2009 printed 2009 to mean as the state of physical well-being? If so please indicate policy."

(ECF No. 58-2 at 15).

Defendant Ekwosi objects on grounds that the interrogatory 1) lacks foundation, 2) is argumentative, and 3) is vague and ambiguous.

Interrogatory No. 9 is argumentative and vague. Defendant Ekwosi's objection is sustained and no further response is required.

Plaintiff's Motion to Compel Further Response to Interrogatory No. 4, propounded to Defendant Ekwosi, is **DENIED.**

### B. Expenses for bringing a motion to compel

Plaintiff requests the sum of $300.00, to be paid by Defendants, as a reasonable expense in obtaining this Motion "pursuant to Rule 37 (a)(4)." (ECF No. 58 at 1).

Federal Rule of Civil Procedure Rule 26(c)(3) provides that "Rule 37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3). Having

5
18-cv-00980-BAS-MDD

denied Plaintiff's Motion to Compel, there is no basis for an award of expenses against Defendants. See Fed. R. Civ. P. 37(a)(5)(B).

Plaintiff's request for expenses, under Rule 37(a)(5), is **DENIED**.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Compel is **DENIED.** The Court finds the responses provided by Defendants are sufficient under the Rules. Accordingly, Plaintiff's request for expenses is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 6, 2020

                                                                    *Mitchell D. Dembin*
                                                                    Hon. Mitchell D. Dembin
                                                                    United States Magistrate Judge