# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>L. GULARTE, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 18-cv-00980-BAS-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION OBJECTING TO DISCOVERY RULING OF MAGISTRATE JUDGE**<br><br>**[ECF No. 83]** |

On May 11, 2020, Plaintiff filed a motion objecting to Magistrate Judge Mitchell D. Dembin's ordering denying Plaintiff's Motions to Compel Discovery.[1] (Order on Plf.'s Mot. to Compel ("Discovery Order" or "Disc. Order"), ECF No. 81; Mot. to Reconsider Plf.'s Mot. to Compel ("Motion"), ECF No. 83.) Pursuant to the Court's order, Defendants responded on May 26, 2020. (Resp. in Opp'n to Mot. ("Resp."), ECF No. 85.) For the reasons herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

## I.　RELEVANT BACKGROUND

Plaintiff commenced this lawsuit on May 16, 2018 under 42 U.S.C. § 1983, alleging violations of federal and state law allegedly committed by Defendants after Plaintiff was assaulted by another inmate ("Thompson") while working for the California Prison

---

[1] Plaintiff titled his moving brief a "Motion to Reconsider" but cited Federal Rule of Civil Procedure 72(b) and stated that "the Magistrate's Order has committed a clear error." (Mot. at 1.) The Court therefore understands Plaintiff to seek district court review of the Magistrate Judge's discovery order. The Court applies Rule 72(a) rather than 72(b) because discovery matters are nondispositive of a party's claim or defense. *See Burt v. AVCO Corp.*, No. CV-15-3355-MWF-PJWX, 2015 WL 12912366, at *2 (C.D. Cal. Nov. 17, 2015) ("A discovery motion is a non-dispositive, pre-trial matter.").

- 1 -

Industry Authority ("CALPIA"). (ECF No. 1.)

On March 2, 2020, Plaintiff filed two Motions to Compel document productions. (ECF Nos. 73, 75.) Plaintiff alleged that Defendants had not timely responded to requests made for the following documents: (1) Thompson's time cards from June and July 2017 (Request No. 1); (2) Thompson's original handwritten application for employment (Request No. 3); (3) Defendants' training certificates from their dates of hire to the present (Request No. 4); (4) emails and documents among Defendants and between Defendants and their supervisors regarding activities in CALPIA on July 10, 2017 and July 17, 2017 (Request No. 5); and (5) all statutory and policy guidelines for compatibility chronos (Request No. 8). (*Id.*) Defendants filed an opposition to Plaintiff's Motions that included both objections and amended responses. (ECF No. 78.)

After reviewing the papers, Magistrate Judge Dembin found that no further response was required to any of Plaintiff's requests. First, as to Thompson's time cards, Judge Dembin noted that Defendants had mailed the requested documents to Plaintiff. (Disc. Order at 3.) Second, the court sustained Defendants' relevance objection to Thompson's "original handwritten application" and found that Defendants' production of Thompson's work file sufficiently responded to Plaintiff's request. (*Id.* at 4.) Third, Judge Dembin held that because Plaintiff's requests for training certificates spanned approximately 20 years for each Defendant, the request was disproportional to the needs of the case, overbroad, and burdensome and required no further response from Defendants. (*Id.*) Fourth, Judge Dembin held that because Defendants averred that there were no responsive emails dated July 10, 2017 and July 17, 2017, Defendants' amended response indicating such was sufficient. (*Id.* at 4–5.) Lastly, based on Defendants' representation that the documents related to compatibility chronos were already produced in response to a previous request, Judge Dembin found that no further productions were necessary. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

A magistrate judge may issue a written order deciding any pretrial matter not dispositive of a party's claim or defense. Fed. R. Civ. P. 72(a). A party may appeal a

magistrate judge's order on such matters by filing objections within 14 days of the order. *Id*. This Court requires objections to be filed as a noticed motion. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶ 3.

A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Factual determinations are reviewed for clear error and legal conclusions are reviewed de novo to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir 1991). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993) (quotation omitted); *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same). In contrast, review of legal conclusions "permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III.  ANALYSIS

Judge Dembin's findings are questions of fact; thus, the Court reviews his rulings on Request Nos. 3, 4, 5, and 8 for clear error.[2]

### A.  Original Handwritten Application (Request No. 3)

Plaintiff appears to argue that Thompson's "original handwritten application" is relevant to the chronology of events underlying Plaintiff's claim of retaliation. (Mot. at 2, 3.) He also states that the original application is distinct from the application in Thompson's employment file produced by Defendants, explaining that the file application is "answered at the time of hire not [at the] time of request of employment." (*Id.*) Even

---

[2] As to the ruling on Request No. 1, Plaintiff appears to concede that Defendants produced Thompson's time cards and does not challenge Judge Dembin's ruling on this request. (*See* Mot. at 2.)

assuming this is true, Plaintiff still fails to provide sufficient information to establish a clear error in Judge Dembin's ruling. He has not explained, before Judge Dembin or this Court, what specific information he seeks that is only contained in Thompson's handwritten application, and how that information would inform the sequence of events giving rise to his retaliation claim. Without any basis to establish the relevance of this document, the Court finds no error in Judge Dembin's decision to sustain Defendants' relevance objection to Plaintiff's request for the handwritten application. Plaintiff's objection is therefore overruled.

### B. Training Certificates (Request No. 4)

Plaintiff challenges the ruling on the request for training certificates on the basis that Defendants "do not assert that the request is outside the scope" of his deliberate indifference claim and that "this alone outweighs" the disproportionality and burdensome objections. (Mot. at 3.) He also contends that his request for training certificates is proportional to Defendants' arguments regarding the reasonableness of their conduct, as raised in their Motion for Summary Judgment. (*Id.*)

However, relevance does not supersede all other considerations in discovery. The rules of discovery require courts to "weigh the burden or expense of proposed discovery against its likely benefit, taking into account 'the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Green v. Baca*, 219 F.R.D. 485, 493 (C.D. Cal. 2003) (quoting Fed. R. Civ. P. 26(b)(2)). Discovery is unduly burdensome where "'harm to the person from whom discovery is sought outweighs the need of the person seeking discovery[.]'" *Id.* (quoting *Smith v. Pfizer, Inc.*, No. CIV.A. 98–4156–CM, 2000 WL 1679483, *2 (D. Kan. Oct. 26, 2000) (internal quotations omitted)).

Here, Judge Dembin considered the burdens and benefits of Plaintiff's specific request and found that Plaintiff's request was disproportional because "Plaintiff's request requires the Defendants to sift through decades of personnel records for each Defendant[,]"

each of whom had worked in the program for about 20 years. (Disc. Order at 4.) Rule 26(b)(2) calls for exactly this balancing of factors given the needs of the case. The Court finds no clear error in the conclusion that Defendants' burden outweighed the unspecified benefit of decades of training certificates to Plaintiff's claim that Defendants were deliberately indifferent during an incident in 2017. Thus, the Court also overrules this objection.

### C. July 10, 2017 and July 17, 2017 Emails and Documents (Request No. 5)

Plaintiff contends that Judge Dembin upheld a response from Defendants that fundamentally misunderstood the parameters of Plaintiff's request for July 2017 emails. Plaintiff's request seeks the following:

> The production of e-mails and documents either between the Defendants and/or between defendants with defendants['] supervisors, in regards to activities in CALPIA for dates July 10, 2017 and July 17, 2017.

(Opp'n at 3.)

It appears Plaintiff intended the modifier at the end of the request—"for dates July 10, 2017 and July 17, 2017"—to refer to "activities in CALPIA" and not the "e-mails and documents" between Defendants and/or their supervisors. (Mot. at 4.) Thus, according to Plaintiff, Defendants' objection that they had no relevant emails "dated July 10, 2017 and July 17, 2017" incorrectly limited the response based on the dates of the emails instead of the content of those emails. (*Id.*) Now that Plaintiff has clarified the meaning of his discovery request in his Motion before this Court, the Court finds that Defendants' and Judge Dembin's interpretation of this request was understandably mistaken.

In addition, the Court disagrees with Defendants' claim that this amended response addresses Plaintiff's inquiry. (Resp. at 5–6.) Defendants appear to have only partially addressed Plaintiff's request in the amended response. The request specifically seeks "emails and documents"; Defendants' amended response only confirms that no emails exist for the two dates in question, without addressing the existence or nonexistence of any documents regarding the underlying incidents. Defendants' amended response, therefore,

did not sufficiently respond to this request. Thus, the Court sustains Plaintiff's objection to this discovery ruling.

### D. Policy Guidelines (Request No. 8)

Plaintiff alleges that the guidelines and procedures related to "the production or deletion of a compatibility chrono" were not produced by Defendants and that he had instead received only the chronos themselves. (Mot. at 4.) Defendants contend that Plaintiff's original request did not encompass guidelines related to the production or deletion of chronos and that they nonetheless "produced portions of the Department of Operations Manual discussing CALPIA's use of 128-B (compatibility) chronos" in response to previous duplicative requests from Plaintiff. (Opp'n at 4; Resp. at 7.)

Here, Defendants have represented to the Magistrate Judge—and to this Court—that they produced documents responsive to a duplicative request propounded in an earlier set of discovery. On this basis, Judge Dembin found that Defendants' previous response was sufficient. Courts are required to limit discovery if it is determined that the discovery sought is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(i). The Court therefore finds no error with Judge Dembin's ruling on this discovery request and overrules Plaintiff's objection.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion (ECF No. 83). Specifically, the Court sustains Plaintiff's objection to Judge Dembin's discovery ruling on Request No. 5 and overrules Plaintiff's remaining objections. Defendants are ordered to serve a complete response to Request No. 5, in accordance with the construction of the Request noted in this Order, by **June 11, 2020**.

IT IS SO ORDERED.

DATED: May 28, 2020

Hon. Cynthia Bashant
United States District Judge